UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Dorota "Gigi" Toporek, | Civil No. 24-CV-8 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| R.R. Donnelley and Sons Company, | |
| Defendant. | |

This matter is before the Court on Plaintiff Dorota "Gigi" Toporek's Motion to Compel and for Extension of the Discovery Deadline (ECF No. 30) and Defendant R.R. Donnelley and Sons Company's Motion for Protective Order Regarding Corporate Representative Deposition Topics (ECF No. 36) (together, "Motions"). The Motions address the same substantive issues and are thus duplicative. The Court held a hearing on the Motions on April 8, 2025 (ECF No. 57). Bradley A. Kirscher and Michael Charles Mahoney appeared on behalf of Plaintiff. (*Id.*) Emily A. McNee and Stephanie Huisman appeared on behalf of Defendant. This Order memorializes the Court's rulings from the bench for the reasons stated on the record at the hearing. The Court grants in part and denies in part each motion as follows:

**I.      30(b)(6) Deposition**

The Court grants in part and denies in part Plaintiff's request for a deposition under Rule 30(b)(6) of the Federal Rules of Civil Procedure (ECF No. 30) and grants in part and denies in part Defendant's request for a protective order against such a deposition (ECF No. 36). Plaintiff

1

may notice a Rule 30(b)(6) deposition of Defendant's representative(s)[1] and may seek information about the following topics, as modified pursuant to the Court's rulings, to the extent such information is within Defendant's knowledge, custody or control:

> **Topic 10**: *Facts, witnesses, communications and documents relating to any complaints, objections or concerns by employees or representatives of The College Board regarding Plaintiff's alleged or actual attempts at prospecting for sales to The College Board, as well as any investigation into those matters.*

The parties stated at the hearing that Defendant's former employee, Jim Hoffoss, was deposed on April 7, 2025 and that at least a portion of his testimony covered this topic. If Defendant chooses to designate all or part of Jim Hoffoss's testimony as its 30(b)(6) testimony on this topic, additional testimony on this topic will be cumulative and Plaintiff must remove it from its list of topics to be covered at the 30(b)(6) deposition.

> **Topic 13**: *Facts, witnesses, communications and documents relating to the Plaintiff's acceptance or agreement to changes to the Agreement.*[2]
>
> **Topic 14**: *Facts, witnesses, communications and documents relating to the business factors that motivated the issuance of the Memorandum of Understanding.*
>
> **Topic 16**: *Facts, witnesses, communications and documents relating to the business factors that motivated the termination of Plaintiff's employment by Defendant.*
>
> **Topic 19**: *Facts, witnesses, communications and documents relating to the measures taken by the Defendant to prevent or correct any retaliation against the Plaintiff by the Defendant's employees.*
>
> **Topic 20**: *Facts, witnesses, communications and documents relating to the Plaintiff's misconduct, violation of company policies, or other conduct that would have resulted in her termination by or would have precluded her from obtaining employment with Defendant.*
>
> **Topic 21**: *The financial condition of the Defendant, including net assets and net income, from December 1, 2021 to December 31, 2023.*

---

[1] Defendant may appoint more than one individual to serve as its Rule 30(b)(6) deponent, but the cumulative testimony of all such deponents shall be regarded as one deposition, which in total may not exceed the presumptive time limit of 7 hours. *See* Fed. R. Civ. P. 30(d)(1).

[2] "Agreement" as defined in Plaintiff's initial Rule 30(b)(6) deposition notice to Defendant.

The Court encourages the parties to further meet and confer as to whether this topic may be made irrelevant, and thus removed from Plaintiff's list of 30(b)(6) deposition topics, by virtue of a stipulation from Defendant that Defendant's determination of Plaintiff's commission was not related in any way to Defendant's overall financial condition or Plan Section 6(i).

Defendant indicated during the hearing that it anticipates bringing a motion for summary judgment to include a request that Plaintiff's claim for punitive damages be dismissed. If Plaintiff's punitive damages claim is not dismissed on summary judgment, Defendant shall produce documents reflecting its financial condition, including net assets and net income, for the period from January 1, 2024 to the present.

## II.     Contention Interrogatories

Plaintiff may serve contention interrogatories on Defendant pursuant to Rule 33(a)(2) of the Federal Rules of Civil Procedure Plaintiff's on previously-noticed deposition Topics 15, 17 and 18, which the Court finds are not appropriate for a 30(b)(6) deposition in light of the risk that questioning a witness on these topics may invade attorney work product and/or the attorney-client privilege.

## III.    Discovery Deadline Extension

The Court grants in part and denies in part Plaintiff's request for an extension of the pretrial schedule (ECF No. 30) as follows:

1. Plaintiff's request to extend the deadline to conduct the deposition of Jim Hoffoss is **DENIED** as moot.

2. The fact discovery deadline is extended through **June 23, 2025** for the following limited purposes: (1.) conducting a 30(b)(6) deposition consistent with the rulings set forth herein; and (2.) propounding and responding to contention interrogatories on Topics 15, 17 and 18.

Plaintiff must serve any such contention interrogatories far enough in advance of the June 23, 2025 deadline for Defendant to respond by that deadline pursuant to Rule 33(b)(2).

3. The pretrial schedule is further extended as follows: non-dispositive motions (as to the limited discovery permitted pursuant to this Order only) – **June 30, 2025**; dispositive motions – **August 25, 2025**; trial ready date – **November 25, 2025**.

**IT IS SO ORDERED**.

Dated: April 9, 2025              *s/ Dulce J. Foster*
                                  DULCE J. FOSTER
                                  United States Magistrate Judge