## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Dorota "Gigi" Toporek, | Civil No. 24-CV-8 (JRT/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| R.R. Donnelley and Sons Company, | |
| Defendant. | |

This matter is before the Court on the parties' Joint Motion Regarding Continued Sealing ("Sealing Motion") (ECF No. 60) filed in connection with Defendant's Motion for Protective Order Regarding Corporate Representative Deposition Topics (ECF No. 36) and Plaintiff's Motion to Compel and For an Extension of the Discovery Deadline (ECF No. 30). The underlying motions address the same substantive issues and rely on the same exhibits. (*See* ECF Nos. 30, 36.) Defendant filed several exhibits related to the underlying motions under seal ("Exhibits") (ECF Nos. 39-1, 39-2, 39-3, 46-1, 46-2, 46-3, 46-4, 51, 51-1, and 51-2) ("Sealed Exhibits"). Defendant also filed statements indicating that redaction of the Sealed Exhibits was impractical. (ECF Nos. 40, 47, 52.) The parties ask the Court to keep all the Sealed Exhibits under seal because each contains confidential personnel information, proprietary business information, or both. (ECF No. 60 at 2-8.)

**I.     Legal Standard**

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing Nixon *v. Warner Commc'ns,*

1

*Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp.*, 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *Id.* at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

**II.    Analysis**

The Sealed Exhibits did not play a material role in the exercise of Article III power or any dipositive motion in this case. The parties' interests in confidentiality thus are afforded greater deference, and a countervailing reason is all that is necessary to overcome the prediction of public access. *IDT Corp.*, 709 F.3d at 1224.

The Court has reviewed each of the Sealed Exhibits and finds continued sealing is

appropriate because each contains either sensitive or proprietary information, confidential personnel information, or both. Defendant thus has a legitimate interest in maintaining confidentially that outweighs any public interest in the right to access them. *See Mayo Found. for Medical Educ. and Research v. Knowledge to Practice, Inc.*, Civ. No. 21-1039 (SRN/TNL), 2022 WL 9870560, at *2 (D. Minn. Oct. 17, 2022) (granting motion for continued sealing when documents "contain[ed] proprietary information not publicly available that is competitively sensitive and central to [parties'] business").

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' Joint Motion Regarding Continued Sealing (ECF No. 94) is **GRANTED** as follows:

1. The Clerk of Court is directed to keep the documents filed at ECF Nos. 39-1, 39-2, 39-3, 46-1, 46-2, 46-3, 46-4, 51, 51-1, and 51-2 under seal.

Dated: April 25, 2025              *s/ Dulce J. Foster*
                                   DULCE J. FOSTER
                                   United States Magistrate Judge