**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dorota "Gigi" Toporek,

Plaintiff,

v.

R.R. Donnelley & Sons Company,

Defendant.

Civil No. 24-cv-8 (JRT/DJF)

**ORDER**

This matter is before the Court on the parties' Joint Motions Regarding Continued Sealing ("Sealing Motions") (ECF Nos. 140 and 141[1]). The parties filed the first sealing motion (ECF No. 140) in connection with Defendant's Motion to Exclude Plaintiff's Expert (ECF No. 63) ("Motion to Exclude"), which the presiding District Judge, the Honorable John R. Tunheim, denied (ECF No. 147). The parties filed the second motion (ECF No. 141) in connection with Defendant's Motion for Summary Judgment (ECF No. 78), which Judge Tunheim granted in part and denied in part.

Regarding the first sealing motion, the parties agree that the exhibits filed at ECF Nos. 67-1, 67-2, 68-1, 69-1, 70-1, 70-2, 70-3, 71-1, 71-2, 71-3, 72-1, 115, and 115-1 and the memorandum filed at ECF No. 65 should remain sealed on the grounds that they contain confidential business information and/or personally identifiable information, and that Defendant designated them confidential in discovery. (ECF No. 140.) Regarding the second sealing motion, the parties agree that the exhibits filed at ECF Nos. 83-1, 84-1, 84-2, 84-3, 85-1, 85-2, 85-3, 85-4, 86-1, 86-2, 86-

[1] The parties filed a mostly duplicative, but less comprehensive version of the ECF No. 141 Sealing Motion at ECF No. 139. Based on the parties' representation that ECF No. 139 is duplicative, the Court struck that filing.

3, 86-4, 86-5, 87-1, 87-2, 87-3, 87-4, 87-5, 88-1, 88-2, 88-4, 88-5, 89-1, 90-1, 90-2, 91-1, 91-2, 91-3, 92, 94-1, 95-1, 110, 112, 118, 120, 120-1, 120-2, 128, 130, 132, 133, and 136 and the memoranda filed at ECF No. 80 and 125 should remain sealed on the same grounds. (ECF No. 141.)

## I. Legal Standard

Parties may seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978)). But the right of access is not absolute. *Id.* at 1123. The Court "'must consider the degree to which [the relief requested] would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information.'" *Cajune v. Indep. Sch. Dist. 194*, 105 F.4th 1070, 1077 (8th Cir. 2024) (quoting *IDT Corp*., 709 F.3d at 1223). "[T]he weight to be given to the presumption of [public] access must be governed by the role of the material at issue in the exercise of Article III judicial power and resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

When the documents at issue play a material role in the exercise of Article III power or are of value to those monitoring the federal courts, "the presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018). On the other hand, when the documents at issue do not play a material role in the exercise of Article III power or are of little value to those monitoring the courts, the presumption of public access instead "amounts

to … a prediction of public access absent a countervailing reason." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

## II. Analysis

Because an Article III judge considered and resolved the underlying non-dispositive Motion to Exclude (ECF No. 63) and the underlying dispositive Motion for Summary Judgment (ECF No. 78), the documents at issue in both motions for continued sealing played a material role in the exercise of Article III power, and therefore, the presumption of public access may be overcome only if the parties have proffered compelling reasons to do so. *See Flynt*, 885 F.3d at 511.

The parties seek to permanently seal various memoranda in support of or opposition to the underlying motions (ECF Nos. 65, 80, 125), deposition transcripts (ECF Nos. 67-1, 69-1, 71-1, 71-3, 83-1, 86-5, 87-4, 89-1, 90-2, 91-1, 91-2, 92-1[2], 94-1), deposition exhibits (ECF Nos.70-1, 70-2, 70-3, 71-2, 72-1, 84-1, 84-2, 84-3, 85-1, 85-2, 85-3, 85-4, 86-1, 86-2, 86-3, 86-4, 87-1, 87-2, 87-3, 87-5, 88-1, 88-2, 88-4, 88-5, 90-1, 91-3, 132-1[3]), an expert report (ECF No. 68-1),

[2] The parties request permanent sealing of ECF No. 92, describing it as a portion of the deposition transcript of Beth Jackson. ECF No. 92 is a declaration of counsel Emily A. McNee in support of summary judgment. The Beth Jackson deposition transcript is filed at ECF No. 92-1. The Court construes this as a request to seal both documents. Though the Court finds sealing the transcript is warranted, the declaration itself appears to contain no confidential or proprietary information and shall be unsealed.

[3] The parties request permanent sealing of ECF No. 132, describing it as a Beth Jackson deposition exhibit. ECF No. 132 is a declaration of counsel Emily A. McNee in support of summary judgment. The deposition exhibit is filed at ECF No. 132-1. The Court construes this as a request to seal both documents. Though the Court finds sealing the exhibit is warranted, the declaration itself appears to contain no confidential or proprietary information and shall be unsealed.

declarations (ECF No. 95-1, 110-1[4], 115, 120, 128-1[5]), declaration exhibits (ECF Nos. 112, 115-1, 118, 120-1, 120-2, 130-1[6], 133-1[7]), and other memorandum exhibits (ECF No. 136-1[8]). For some documents (*see, e.g.*, ECF No. 69-1), the parties have otherwise filed partially redacted versions (*see, e.g.*, ECF No. 74-1), and request only that the unredacted versions remain under seal. For other documents (*see, e.g.*, ECF No. 67-1), the parties request that the document remain fully under seal.

---

[4] The parties request permanent sealing of ECF No. 110, describing it as "M. Snyder Declaration and Exhibits". ECF No. 110 is a declaration of counsel Emily A. McNee in support of summary judgment. The M. Snyder declaration and exhibits are filed at ECF No. 110-1. The Court construes this as a request to seal both sets of documents. Though the Court finds sealing the M. Snyder declaration and exhibits is warranted, the McNee declaration itself appears to contain no confidential or proprietary information and shall be unsealed.

[5] The parties request permanent sealing of ECF No. 128, describing it as "Michael Snyder Declaration and Exhibits". ECF No. 128 is a declaration of counsel Emily A. McNee in support of summary judgment. The Michael Snyder declaration and exhibits are filed at ECF No. 128-1. The Court construes this as a request to seal both sets of documents. Though the Court finds sealing the M. Synder declaration and exhibits is warranted, the McNee declaration itself appears to contain no confidential or proprietary information and shall be unsealed.

[6] The parties request permanent sealing of ECF No. 130, describing it as a spreadsheet. ECF No. 130 is a declaration of counsel Emily A. McNee in support of summary judgement. The spreadsheet is filed at ECF No. 130-1. The Court construes this as a request to seal both documents. Though the Court finds sealing the spreadsheet is warranted, the declaration itself appears to contain no confidential or proprietary information and shall be unsealed.

[7] The parties request permanent sealing of ECF No. 133, describing it as a spreadsheet. ECF No. 133 is a declaration of counsel Emily A. McNee in support of summary judgment. The spreadsheet is filed at ECF No. 133-1. The Court construes this as a request to seal both documents. Though the Court finds sealing the spreadsheet is warranted, the declaration itself appears to contain no confidential or proprietary information and shall be unsealed.

[8] The parties request permanent sealing of ECF No. 136, describing it as "Documents Bates labeled RRD 000781-785". ECF No. 136 is a declaration of counsel Emily A. McNee in support of summary judgement. The documents bates labeled RRD 000781-785 are filed at ECF No. 136-1. The Court construes this as a request to seal both sets of documents. Though the Court finds sealing RRD 000781-785 is warranted, the declaration itself appears to contain no confidential or proprietary information and shall be unsealed.

Though a party's failure to treat documents as "confidential" in discovery undermines any potential claim that they must be sealed, a party's confidentiality designation is not alone a sufficient basis for sealing. The Court therefore rejects any proffered rationale that the documents should be sealed or redacted solely because the parties designated them "confidential" in discovery. But having carefully reviewed each of the sealed documents, with the exception of the declarations discussed in footnotes 2-8 herein (ECF Nos. 92, 132, 110, 128, 130, 133 and 136), and other declarations from counsel that do nothing more than attach exhibits (ECF No. 120), the Court finds continued sealing of the documents at issue in the Motions is appropriate because each contains confidential and sensitive or proprietary trade secret, financial, or other business information or personally identifiable information. The Court further finds the parties have filed public redacted versions of their memoranda and other documents with appropriately narrow redactions to seal those portions of the documents containing such confidential or proprietary information. The parties thus have a legitimate interest in maintaining confidentiality that outweighs any public interest in the right to access them. *See Mayo Found. for Medical Educ. and Research v. Knowledge to Practice, Inc.*, No. 21-cv-1039 (SRN/TNL), 2022 WL 9870560, at *2 (D. Minn. Oct. 17, 2022) (granting motion for continued sealing when documents "contain[ed] proprietary information not publicly available that is competitively sensitive and central to [parties'] business"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing redaction of compensation as "sensitive personal information"); *Statoil (Nigeria) Ltd. v. Nigerian Nat'l Petroleum Corp.*, No. 18-cv-2392, 2020 WL 3170566, at *2 (S.D.N.Y. June 15, 2020) (approving request to redact employee salary information); *see also United States v. Amodeo,* 71 F.3d 1044, 1050-1051 (2d Cir. 1995) ("[T]he privacy interests of innocent third parties ... should weigh heavily in a court's balancing equation."). The Court therefore finds that the

parties' legitimate interests in maintaining confidentiality as to these documents constitute compelling reasons for sealing them.[9]

The Court notes that the parties failed to request or otherwise address continued sealing as to a number of documents filed under temporary seal, including counsel declarations (*see* ECF Nos. 67, 68, 69, 70, 71, 72, 84, 85, 86, 87, 88, 89, 90, 91, 94, and 95), as well as substantive documents (*see* ECF Nos. 69-2, 72-2, and 88-3). Because the parties have not requested that these documents remain sealed, and pursuant to Local Rule 5.6(f), the Court directs the Clerk of Court to unseal those documents in 21 days absent a motion for further consideration.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' first Joint Motion Regarding Continued Sealing (ECF No. 140) is **GRANTED** and the parties' second Joint Motion Regarding Continued Sealing (ECF No. 141) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Unless otherwise ordered, the Clerk of Court is directed to keep the documents filed at ECF Nos. 65, 67-1, 67-2, 68-1, 69-1, 70-1, 70-2, 70-3, 71-1, 71-2, 71-3, 72-1, 80, 83-1, 84-1, 84-2, 84-3, 85-1, 85-2, 85-3, 85-4, 86-1, 86-2, 86-3, 86-4, 86-5, 87-1, 87-2, 87-3, 87-4, 87-5, 88-1, 88-2, 88-4, 88-5, 89-1, 90-1, 90-2, 91-1, 91-2, 91-3, 92-1, 94-1, 95-1, 110-1, 112, 115, 115-1, 118, 120-1, 120-2, 125, 128-1, 130-1, 132-1, 133-1, and 136-1 under permanent seal.

[9] Though the Court finds the documents should be kept sealed at this time, this ruling has no intended preclusive effect on how the District Judge might handle the same documents and the information they contain in deciding any dispositive motion or at trial.

2. The Clerk of Court is directed to unseal the documents filed at ECF Nos. 67, 68, 69, 69-2, 70, 71, 72, 72-2, 84, 85, 86, 87, 88, 88-3, 89, 90, 91, 92, 94, 95, 110, 120, 128, 130, 132, 133 and 136 if no motion for further consideration of sealing them is filed pursuant to Local Rule 5.6(f) by **September 21, 2026**.

Dated: August 31, 2026

*s/ Dulce J. Foster*
DULCE J. FOSTER
United States Magistrate Judge